IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv43-MHT |
| | ) | (WO) |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Plaintiff Charles M. Davis brings this lawsuit
against defendant Prudential Insurance Company of
America, claiming breach of contract and unjust
enrichment based on Prudential's refusal to pay his
insurance claim for disability benefits.  Prudential
removed this case from state court to this federal court
under 28 U.S.C. § 1441, asserting that Davis's claims are
'completely preempted' by the Employee Retirement Income
Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et

seq., and thus the court has jurisdiction under 28 U.S.C. § 1331.

The case is now before this court on Prudential's motion to dismiss for failure to state a claim.  For the reasons that follow, the dismissal motion will be granted, and the complaint will be dismissed, albeit without prejudice and with leave to amend.

## I. LEGAL STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 545 (2007), "only enough facts to state a claim to relief that is plausible on its face." Id. at 574.

## II. BACKGROUND

This case arises out of Prudential's denial of Davis's workplace disability claim. Davis worked as a customer service representative at a bottling plant in southeast Alabama for some time before stopping due to severe headaches and visual dysfunction in mid-2012. Based on these conditions, he filed a disability claim with Prudential under a benefits plan provided by his employer. After considering the medical records in Davis's file, Prudential denied his claim. About a month later, Prudential denied the claim for a second time after examining additional medical records.

Davis filed suit in an Alabama state court against Prudential for wrongful denial of his benefit claim. He alleges that Prudential breached its contract because it

3

"refused ... and has continued to refuse" coverage, and that it has been unjustly enriched as a result. The breach of contract and unjust enrichment counts are the only causes of action in the complaint.

Prudential removed the case to this court and now seeks to dismiss the case.

## III. DISCUSSION

Prudential argues that the complaint should be dismissed because ERISA preempts Davis's state-law claims. And, even if his claims are not preempted, Prudential further contends, Davis failed to plead exhaustion and to exhaust his remedies, both of which are required under ERISA.

### A. Jurisdiction

Before reaching the merits, the court must consider whether it has subject-matter jurisdiction. See Chacon-Botero v. U.S. Atty. Gen., 427 F.3d 954, 956 (11th

4

Cir. 2005). Prudential removed the current action from a state court to this federal court, alleging that this court has federal-question jurisdiction under 28 U.S.C. § 1331.

A defendant may remove any civil action where the district court would have had original jurisdiction. <u>See</u> 28 U.S.C. § 1441. A court has original federal-question jurisdiction if a federal issue is apparent on the face of the plaintiff's complaint. <u>See</u> <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). Under this well-pleaded complaint rule, "a defense that raises a federal question is inadequate to confer federal jurisdiction." <u>Id</u>. There is an exception to the well-pleaded complaint rule--that the federal question must be apparent on the face of the complaint--in cases where Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63-64

(1987); <u>Jones v. LMR Intern., Inc.</u>, 457 F.3d 1174, 1178 (11th Cir. 2006).

ERISA, which applies to "any employee benefit plan ... established or maintained ... by any employer engaged in commerce or in any industry or activity affecting commerce," is one such case of complete preemption. 29 U.S.C. § 1003(a).  The Eleventh Circuit Court of Appeals has adopted a two-part test to determine whether ERISA completely preempts a state-law claim: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." <u>Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1345 (11th Cir. 2009) (citing <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 210 (2004)). If an ERISA claim is completely preempted, "state law claims that seek relief available under ERISA are recharacterized as ERISA claims" for the purpose of jurisdiction and thus "arise under federal law." <u>LMR</u>, 457 F.3d at 1178.

Davis's claims meet both prongs of the test. First, Davis could have brought the claims under ERISA. ERISA's § 502(a) states that a participant or beneficiary of an employee insurance plan may bring an action to recover benefits or enforce his rights under a plan. 29 U.S.C. § 1132(a). In this case, neither party disputes that the long-term disability plan is an employee insurance plan subject to ERISA.[1] Davis, as a participant, is suing for breach of contract and unjust enrichment because Prudential refused to pay benefits. Rather than suing under state law, Davis could have brought an action for denial of benefits under § 502(a).

Second, the theories upon which Davis based his claims "did not arise independently" from his ERISA plan. Anthem, 591 F.3d at 1346. There is no independent legal

---

1. In Davis's opposition to the motion to dismiss, he does not address jurisdiction or preemption. However, when rebutting Prudential's contention that he failed to exhaust the company's administrative remedies, he does not contend that ERISA does not apply. Instead, he argues that he met the exhaustion requirement under ERISA, suggesting that he accepts ERISA's applicability.

duty in an ERISA case if "interpretation of the terms of [the] benefit plan[] forms an essential part" of the legal claim. <u>Davila</u>, 542 U.S. at 213.  Here, Davis argues that Prudential should have paid him disability benefits under the plan, but did not. To determine the merits of Davis's legal claims, the court would have to understand the terms of the disability plan and whether Davis's ailments fell under these terms. In other words, the essential part of the claims would be the court's interpretation of the plan. As such, no other independent legal duty supports the claims.

Because Davis could have brought his legal claims under § 502(a) and did not have an independent basis for the claims, they are completely preempted by federal law. Therefore, the claims arise under federal law, and the court has proper federal-question jurisdiction.

8

## B. Defensive Preemption

Given that there is subject-matter jurisdiction, the court turns to Prudential's motion to dismiss. Prudential first argues that Davis's complaint should be dismissed because ERISA preempts his state-law claims.

Defensive preemption is a separate inquiry from complete preemption.[2] "Unlike complete preemption, which is jurisdictional, defensive preemption is a substantive defense, justifying dismissal of preempted state law claims." LMR, 457 F.3d at 1179. ERISA preempts "any and all State" law claims if the claims relate to an ERISA plan. 29 U.S.C. § 1444(a) (emphasis added); id.

The question  whether a law relates to an ERISA plan is one of Congressional intent. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95 (1983). In enacting ERISA,

---

2. Courts have recognized that "[c]omplete preemption is narrower than defensive preemption." Anthem Health Plans, 591 F.3d at 1343 (internal quotation marks omitted). In other words, if a state-law claim is completely preempted under the narrower test, it will likely also be preempted under the broader defensive preemption test.

Congress did not simply intend to counteract state laws meant to affect employee benefit plans, but instead created a broad preemption for any law that "has connection with or reference to such a plan." <u>Id</u>. at 97; <u>LMR</u>, 457 F.3d at 1179-80. Under this broad standard, courts have regularly dismissed breach-of-contract and unjust-enrichment claims based on an employer's or provider's failure to pay a claim. <u>See, e.g.</u>, <u>LMR</u>, 457 F.3d at 1180 (dismissing as preempted under ERISA state-law breach-of-contract, unjust-enrichment, and fraud claims against employer who failed to fund the benefits plan).

Davis claims that Prudential breached its contract and was unjustly enriched when it refused to pay his disability claim. These two claims not only reference the ERISA plan, but are based entirely on the plan. They are classic examples of state-law claims that relate to an ERISA plan and are thus preempted under federal law.

Because Davis's only claims are state-law claims and are both preempted under ERISA, the court grants the motion to dismiss.[3]

*** 

An appropriate judgment will be entered granting Prudential's motion to dismiss and dismissing this lawsuit, albeit without prejudice and with leave to amend.

DONE, this the 29th day of September, 2015.

　　　　　　　　　　　　　　    /s/ Myron H. Thompson　　
　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

---

3. The court also questions whether Davis's contention that Prudential "has continued to refuse coverage" meets the exhaustion pleading requirement. The court need not decide this issue, or whether Davis actually exhausted Prudential's appeals process, given that both of Davis's claims are preempted by federal law.