IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CHARLES M. DAVIS,                )
                                 )
        Plaintiff,               )
                                 )        CIVIL ACTION NO.
        v.                       )        2:14cv43-MHT
                                 )          (WO)
THE PRUDENTIAL INSURANCE         )
COMPANY OF AMERICA,              )
                                 )
        Defendant.               )

OPINION AND ORDER

Plaintiff Charles M. Davis filed suit in state

court against defendant Prudential Insurance Company of

America, claiming breach of contract and unjust

enrichment based on Prudential's refusal to pay his

insurance claim for disability benefits. Prudential

removed the case to this federal court pursuant to 28

U.S.C. § 1441, and thereafter brought a motion to

dismiss the case for failure to state a claim. The

court granted the dismissal motion because Davis's

state claims were preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* *See Davis v. The Prudential Ins. Co. of Am.*, 2015 WL 5719628 (M.D. Ala. 2015) (Thompson, J.). However, the court gave Davis leave to file a motion to vacate the judgment and amend his complaint if a viable ERISA claim exists.

This case is now before the court on two motions Davis has timely filed: a motion to vacate the judgment granting Prudential's motion to dismiss and a motion to amend his complaint. This court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, the motions will be granted with leave for Davis to file a further amended complaint.


## I. BACKGROUND

This case arises out of Prudential's denial of Davis's workplace disability claim. Davis worked as a customer service representative at a bottling plant in southeast Alabama for some time before stopping due to

severe headaches and visual dysfunction in mid-2012. Based on these conditions, he filed a disability claim with the insurance company under a benefits plan provided by his employer. After considering the medical records in Davis's file, the company denied his claim. Counsel for Davis wrote a letter to the company in response to the decision. Davis later filed suit against the company.

Prudential argues that Davis's motion to amend his complaint should be denied because he did not exhaust his administrative remedies prior to filing suit and that his motion to vacate the judgment should be denied because no manifest injustice would result from its denial. Davis contends that the letter from his counsel qualified as an appeal sufficient to satisfy ERISA's exhaustion requirement and that denial of the motion to vacate would result in a manifest injustice.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. "[T]he decision to alter or amend the judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238, 1238-1239 (11th Cir. 1985). There are four basic grounds for granting a Rule 59(e) motion: "(1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law." *Jacobs v. Elec. Data. Sys. Corp.*, 240 F.R.D. 595, 599 (M.D. Ala. 2007) (Thompson, J.) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (3d ed. 2012)). Further, a judgment will not be amended or altered if to do so would serve

no useful purpose.  *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2810.1, at 128.

Federal Rule of Civil Procedure 15(a) states that the court "should freely give leave [to amend a pleading] when justice so requires."  "Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'"  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)).  A "substantial ground" is required to deny leave, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

"[T]he[] 'same standards [for granting a motion to amend] apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)." *Spanish Broad. Sys. Of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

### III. DISCUSSION

The resolution of Davis's motions to vacate the judgment and for leave to amend the complaint are obviously interrelated. Unless the proposed amended complaint states a viable claim, vacating the judgment would serve no purpose and cause no manifest injustice. Thus, the court will first determine whether the motion to amend should be granted, then will turn to the motion to vacate.

## A.  Motion to Amend

Prudential argues that the proposed amendment of Davis's complaint is futile because Davis never exhausted his administrative remedies by appealing the adverse determination, and because he cannot exhaust his administrative remedies since the time for doing so has passed.  Davis responds that he did exhaust his administrative remedies because the letter sent by his counsel qualified as an appeal sufficient to exhaust, or at minimum there is a disputed issue of fact as to whether he exhausted that should be resolved at a later stage of litigation, after discovery.

The standard for denying a motion to amend on the basis of futility is akin to that of granting a motion to dismiss.  "A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed."  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010)) (internal quotation marks omitted); *see also Burger King Corp v. Weaver*,

169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (internal quotation marks omitted). Thus, the court must assess whether the proposed amended complaint would survive dismissal.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997).[1] However, the law is less clear as to what requirement governs when considering dismissal for failure to exhaust administrative remedies in an ERISA case. Federal Rule of Civil Procedure 12(b) does not enumerate exhaustion as a basis for dismissal. Which

---

[1]. A district court has the sound discretion "to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate." *Counts,* 111 F.3d at 108. Davis does not argue that either exception applies here.

part of Rule 12(b) applies can have serious implications: the district court is empowered to act as the factfinder and determine disputed facts on certain types of dismissals, such as factual challenges to subject-matter jurisdiction under subpart (b)(1) of Rule 12, but not on others, such as dismissals for failure to state a claim under subpart (b)(6) of Rule 12.

Some courts have dismissed ERISA claims for failure to exhaust under Rule 12(b)(6). *See, e.g.*, *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (implying that dismissal for failure to exhaust was granted under Rule 12(b)(6) by observing that district court's consideration of documents external to complaint was appropriate under that rule, pursuant to certain exceptions); *Muller v. Am. Mgmt. Ass'n Int'l*, 315 F. Supp. 2d 1136, 1140 (D. Kan. 2003) (Murguia, J.) (holding that plaintiff sufficiently alleged exhaustion of administrative remedies on ERISA claim under Rule

12(b)(6)). In contrast, the Eleventh Circuit has explained that, in cases subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), the exhaustion issue should be decided on a generic or non-enumerated Rule 12(b) motion to dismiss, "subject to the rules and practices applicable to the most analogous Rule 12(b) motion." *Bryant v. Rich*, 530 F.3d 1368, 1375-76 (11th Cir. 2008); *but see id.* at 1379-81 (Wilson, J., dissenting) (taking position that exhaustion should be decided on summary judgment); *cf. Jones v. Bock*, 549 U.S. 199, 216 (2007) (unanimously concluding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").[2]   In deciding a Rule 12(b)

---

2. Exhaustion of administrative remedies in ERISA cases may also be the subject of a motion for summary judgment. *See, e.g., Counts*, 111 F.3d 105 (affirming district court's grant of summary judgment on failure to exhaust ERISA claim); *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1311 (11th Cir. 2000) (same).

motion based on failure to exhaust non-judicial remedies--in contrast with a motion under Rule 12(b)(6)--the district court in a prisoner case is empowered, as with a motion to dismiss based on jurisdictional issues, to act as the factfinder and determine disputed facts as to exhaustion. *See Bryant*, 530 F.3d at 1373-74.

In any case, the court need not resolve the question of the proper subpart of Rule 12(b) under which to analyze exhaustion in ERISA cases, as it makes

---

Arguably, summary judgment is the proper way to address exhaustion of administrative remedies in an ERISA case. *See Bryant v. Rich*, 530 F.3d 1368, 1379–80 (11th Cir. 2008) ("Our usual practice is to consider affirmative defenses, such as failure to exhaust administrative remedies or statute of limitations, on summary judgment pursuant to Federal Rule of Civil Procedure 56."); *Fortner v. Thomas,* 983 F.2d 1024, 1028 (11th Cir. 1993) ("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion for failure to state a claim."); *see also* Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 446 (2d Cir. 2006) (holding "that a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense").

no difference here: the complaint would survive dismissal under Rule 12(b)(6), and, even if empowered to determine disputed facts on the basis of submitted evidence, the court would not dismiss the complaint because further factual development is required to resolve the issue.

The court first evaluates the proposed amended complaint under the Rule 12(b)(6) approach. Looking at the face of the complaint, the proposed amended complaint states that Davis applied for benefits under Prudential's plan; the insurance company denied Davis's application for benefits on March 13, 2013; after receiving additional medical records, it again denied Davis's claim on April 3; Davis, through counsel, filed an appeal dated July 3, within the 180-day window set forth by the company to appeal a decision; and the company did not send a written response to the appeal. *See* Proposed Amended Complaint (doc. no. 25-1) at 2-3.

Both parties have also submitted evidence on the issue of exhaustion. Prudential's response to Davis's motion to amend contains four exhibits: a March 13, 2013, letter from the insurance company to Davis denying his claim (doc. no. 28-1); an April 8 letter from the company to Davis, again denying his claim after the receipt of additional documents (doc. no. 28-2); a July 3 letter from Davis's then-attorney King to the company's claim manager (doc. no. 28-3); and a Prudential telephone call log from December 21, 2013, which allegedly recorded an interaction between the insurance company and Davis's counsel (doc. no. 28-4). Davis's reply also attaches the same three letters. *See* Exhibits (doc. nos. 31-1 to 31-3).

Ordinarily, a district court may not consider matters outside the pleadings when considering dismissal under Rule 12(b)(6).[3]  However, "[t]he court

---

3.  A court may consider matters outside the pleadings in its discretion if it gives the parties

may consider a document attached to a motion to dismiss ... if the attached document is (1) central to the plaintiff's claim and (2) undisputed," where "'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).[4]

The three letters between Prudential and Davis's counsel are central to Davis's claim: they are identified in the proposed amended complaint as the operative denials of the claim by the insurance company and as Davis's appeal. The letters are also clearly "undisputed," because the company and Davis have

---

notice of its intent to convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d).

4. Because, as explained below, further factual development is required to resolve the exhaustion issue and there has been no discovery at this point, the court declines to approach the exhaustion issue through the lens of summary judgment at this time. *See Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an

submitted identical copies, and neither side has disputed their authenticity. Thus, the court may consider these documents under the Rule 12(b)(6) standard. *See Day*, 400 F.3d at 1276. However, Prudential's fourth exhibit, the telephone call log, does not meet the *Day* requirements. The log is not central to Davis's claim: it is not one of the key documents comprising his denial or alleged appeal, nor is it referenced or described in the proposed amended complaint. Rather, the log is provided as extrinsic evidence to support the insurance company's defense of exhaustion. Under *Day*, then, this exhibit could not be considered on a Rule 12(b)(6) motion.

Taken together, the allegations of the complaint and the documents central to Davis's claim establish the following. Prudential first denied Davis's claim in a March 2013 letter. In the letter, the insurance

---

adequate opportunity to complete discovery prior to consideration of the motion." (citation omitted)).

company notified Davis that appealing once within 180 days from receipt of the letter would be considered exhausting his administrative remedies, in that he could subsequently file either an ERISA lawsuit or a "voluntary" second appeal. Mar. 13, 2013 Letter (doc. no. 28-1) at 10. Prudential also stated that his appeal "should" include his name, social security number or claim number, control number, reasons for disagreeing with the denial, and medical evidence or information to support his appeal. *Id*. at 9-10.

After sending the March 2013 letter, Prudential received two additional capacity questionnaires from Davis's doctors evaluating the extent of his disability. After reviewing these documents, the insurance company again denied the claim in an April 2013 letter to Davis. *See* Apr. 8, 2013 Letter (doc. no. 28-2). In this letter, it indicated that it did not consider the additional medical records to be an

appeal, and restated the 180-day deadline for appealing. *See id.* at 3.

In July 2013, Davis's attorney sent a letter back to Prudential. In the July letter, the attorney, noting his receipt of the insurance company's April letter, took issue with the denial of benefits, stating "It is hard to understand your denial in view of the last paragraph of Dr. Richardson's June 4th letter and Dr. Green's report." July 3, 2013 Letter (doc. no. 28-3) at 2. He also asked Prudential to confirm that its decision was final, explaining that Davis had requested that the attorney sue the insurance company for his disability benefits.[5] Davis's attorney did not submit any additional medical records or explicitly identify the letter as an "appeal."

---

5. In the letter, Davis's counsel referred to him once as "Mr. Morgan." *Id.* This appears to have been a typo, as he clearly referred to Davis by name, claim number, and date of birth earlier in the letter.

To determine whether Davis's July letter plausibly constituted an appeal, the court must analyze Prudential's March letter setting forth how to appeal. *See Watts v. BellSouth Telecommc'ns, Inc.*, 316 F.3d 1203, 1205-06 (11th Cir. 2003) (analyzing exhaustion in terms of "the administrative remedies the [ERISA] Plan provides"). The letter stated that an appeal "must" be made in writing by Davis or his representative within 180 days of the date of receipt of its letter. March 13, 2013 letter (doc. no. 28-1) at 9. The letter then explained that an appeal "should" include the claimant's name, control number, and social-security number or claim number, an explanation of his disagreement the denial, and medical evidence or information to support his appeal. *Id*. The use of the word "should" before these latter items is critical: In modern American usage, the word 'should' does not necessarily convey that one must do something; rather 'should,' in the manner that Prudential used it in the

18

March 2013 letter, only "expresses a *sense* of duty."
*Garner's Modern American Usage* 744 (3d ed. 2009)
(emphasis added).  Thus, the letter recommended but did not strictly require the inclusion of these latter types of information.

Considered in the light of this language, the letter from Davis's attorney was sufficient to constitute an appeal.  The attorney submitted the July 2013 letter in writing within 180 days of Prudential's March 2013 letter denying Davis disability benefits; thus Davis met all of the stated requirements.  The letter also included most of the recommended information: Davis's name, claim number, and the reasons for his disagreement.  The attorney's explanation of the reasons for disagreement was extremely brief.  Nevertheless, it was sufficient to communicate the reason for the appeal.

The only information from the recommended list not included was the control number and medical records.

In this particular case, these omissions were not significant. With Davis's name, claim number, and date of birth, it is highly unlikely that Prudential would have trouble identifying his control number, which is printed on the front of each letter the insurance company sent Davis along with his name and claim number. *See* Apr. 8, 2013 Letter (doc. no. 28-2) at 2; Mar. 13, 2013 Letter (doc. no. 28-1) at 2. As to the medical records, Davis's attorney identified the two key medical records that formed the basis for the appeal, which the letter suggests had already been provided to the insurance company. Thus, the failure to submit new copies of these records did not prejudice Prudential's efforts to consider the appeal. Finally, while Davis's attorney did not explicitly state that his letter was an appeal, the insurance company's March letter did not require that the letter be labelled as such.

Admittedly, the July letter from Davis's attorney was poorly written. However, it clearly disputed Prudential's decision and gave a specific reason for doing so. *See* July 3, 2013 Letter (doc. no. 28-3) at 2. The letter also stated that, "If" Prudential's decision was final, the attorney would be filing suit for Davis's disability benefits. *Id.* By doing so, the attorney conveyed--albeit awkwardly--that he sought a change in Prudential's decision for the reason stated, and requested a final decision. Importantly, he did not state that he intended to sue regardless of Prudential's actions: instead, he made clear that his intent to sue was contingent on the insurance company's response to his request for a final decision. While the letter was not a model of good legal writing, the court cannot conclude based on the letter alone that Davis failed to appeal.

Davis's July letter stands in contrast to those of others that have been deemed not to constitute appeals

under ERISA. In *American Dental Association v. WellPoint Health Networks, Inc.*, the court held that a letter to a plan administrator was not an appeal because the plaintiff, a doctor trying to recoup benefits for one of his patients, "did not challenge the partial denial of benefits nor ... request that [the defendant] perform any kind of review," but rather "sought only information." 494 F. App'x 43, 46 (11th Cir. 2012) (per curiam). Unlike Davis, the plaintiff there did not contest the denial of benefits, provide reasons for doing so, nor ask for a final confirmation of that determination; rather, the thrust of his letter stated, "Please provide me with documentation of the data used to calculate [the reimbursement of expenses]." *Id*. at 45. Similarly, in an out-of-circuit case cited approvingly by *American Dental*, the plaintiff's letter at issue merely "requested general information on the various benefit plans," and did not seek the status of the disability

plan under which the plaintiff later brought suit. *Powell v. AT&T Commc'ns, Inc.*, 938 F.2d 823, 827 (7th Cir. 1991). In another instructive case cited in *American Dental*, the court deemed that a plaintiff's letter stating that he would *bring an appeal* "soon" did not exhaust a plan's administrative remedies because the letter "was not itself a request for a review." *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 364 (7th Cir. 2011). By contrast, Davis's July letter stated that he intended to *bring suit* soon, and *immediately* requested review, that is, a confirmation of Prudential's determination in light of his statement of the problem with the decision.

Prudential argues that a call with Davis's attorney after receipt of the July 2013 letter shows that Davis knew that the insurance company did not regard the letter as an appeal. However, as previously indicated, under Rule 12(b)(6), it would be improper for the court to consider the submitted telephone call log.

That said, if as in the PLRA exhaustion context, the court were to act as the factfinder on exhaustion, the court could consider the call log. But even considering the call log, the court's decision on exhaustion would remain the same.

The relevant log entry, dated July 16, 2013--after Davis's attorney sent his July 3 letter--reads: "Called Attorney re: letter received. Advised that decision has been made and that EE could appeal the decision. Attorney ... advised he will contact EE and advise." Call Log (doc. no. 28-4) at 10. The meaning of this note is ambiguous. While Prudential argues that the note shows that it did not consider the letter an appeal, another interpretation is possible.[6] As mentioned earlier, the insurance company offers its insureds an optional second appeal; thus, this note

---

6. Also, even if the Prudential employee who made the call did not consider the letter an appeal, it is not clear that his view would be determinative of whether the letter was an appeal.

could be read as communicating to Davis's attorney that the company had received his appeal letter and was not changing its decision, and that Davis had the option to file another appeal. In addition, the description of Davis's attorney's statement is not particularly illuminating. It merely says that the attorney advised he would contact "EE"--presumably Davis, although the meaning of the abbreviation is nowhere stated--and "advise." It does not state, for example, that Davis's attorney confirmed his understanding that the July letter would not be treated as an appeal. Furthermore, the note and the attorney's statement are arguably hearsay and Prudential has not shown that any exceptions apply. Given the ambiguity of the brief note in the call log, the court cannot determine its meaning without additional factual development. Davis has requested an opportunity for discovery on the issue of whether the July letter constitutes an appeal; the

court agrees that discovery would likely be helpful to determining the issue.

In sum, the court finds that the proposed amended complaint would not be subject to dismissal. Davis has alleged sufficient facts, accepted as true, that he filed an appeal, and accordingly, that he exhausted Prudential's administrative remedies, and the evidence submitted by Prudential does not convince the court otherwise. The court reserves any final determination of whether Davis in fact exhausted his administrative remedies, as well as whether he is ultimately entitled to relief, for a later stage in the litigation, after the parties have had a full opportunity for discovery.

### B. Exhaustion Pleading Requirement

A plaintiffs bringing an ERISA claim must plead either the exhaustion of administrative remedies or that exhaustion was futile or impossible. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992).

**26**

However, failure to plead exhaustion is not necessarily fatal, as an ERISA plaintiff may amend a complaint to plead exhaustion. *See, e.g.*, *id*. at 158 (allowing plaintiff to amend her complaint to meet the exhaustion pleading requirement for an ERISA claim). In the amended complaint Davis attached to his motion to amend, he pled that he "filed a [timely] appeal" of Prudential's denial of his disability benefits but did not state that his actions amounted to exhaustion. This technical deficiency in pleading should not prevent Davis from going forward with his claim. *See Dean v. United States*, 278 F.3d 1218 (11th Cir. 2002) (recognizing that Rule 15 "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading"). Therefore, the court will grant Davis's motion to vacate and his motion to amend, but will grant further leave to amend his complaint to plead exhaustion expressly.

## C. Motion to Vacate

As discussed earlier, a Rule 59(e) motion to alter or amend a judgment after its entry may be granted if the court finds "manifest injustice in the judgment." *Jacobs*, 240 F.R.D. at 599 (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (3d ed. 2012)). In support of his motion to vacate, Davis contends that, if the court does not allow vacate the judgment, he may be prevented from pursuing his ERISA claim due to the statute of limitations. Prudential argues that the motion should be denied because the original dismissal was correct and Davis's proposed amended complaint does not present a viable claim, so no injustice would result from the denial of the motion to vacate the dismissal. The insurance company does not take issue with Davis's contention that the statute of limitations could preclude his claim.

As noted above, Davis's proposed amended complaint presents a viable claim; denial of the opportunity to pursue that claim would cause a manifest injustice, so the dismissal must be vacated. In addition, the court entered a dismissal without prejudice and simultaneously granted express authorization to Davis to move to amend the complaint to state a claim under ERISA and to set aside the dismissal. *See* Judgment (doc. no. 23). The entry of the judgment at that time was for the court's convenience; the court instead could have postponed entry of judgment until after the time for filing an amended complaint had passed, in which case no motion to vacate would have been necessary. Under all of these circumstances, it would be unjust to deny the motion to vacate. Accordingly, the court will grant the motion to vacate.

\* \* \*

Accordingly, it is ORDERED that:

(1) The motion to vacate the judgment (doc. no. 24) is granted.

(2) The opinion (doc. no. 22) and judgment (doc. no. 23) are vacated, and this case is reopened.

(3) The motion to amend (doc. no. 25) is granted.

(4) Plaintiff Charles M. Davis is granted leave to file an amended complaint that meets ERISA's exhaustion pleading requirement within 21 days of this order.

DONE, this the 22nd day of June, 2018.

  /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE
